UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARIUS STONE,

        Defendant.

_____/

Case No. 16-20797

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION FOR TURNOVER [117]; GRANTING MOTION TO RELIEVE APPOINTED COUNSEL [125]; AND DENYING MOTION FOR EXTENSION OF TIME TO FILE § 2255 MOTION [129]**

On November 3, 2017, Defendant Marius Stone pled guilty to conspiring to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; attempting to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of ammunition and a firearm as a felon, in violation of 18 U.S.C. § 922(g). *United States v. Stone*, 762 F. App'x 315, 317 (6th Cir. 2019). On February 27, 2018, this Court sentenced Defendant 60 months imprisonment. (ECF No. 98.) Defendant appealed his conviction without success. *Stone*, 762 F. App'x at 324. Defendant remains incarcerated today and is currently housed at Pollack FCI in Pollock, Louisiana. His projected release date is March 16, 2024.

Before the Court are three motions from Defendant: (1) Motion for Turnover (ECF No. 117); (2) Motion to Relieve Appointed Counsel (ECF No. 125); and (3) Motion for Extension of Time to File § 2255 Motion (ECF No. 129). The Court will address each in turn.

1

**I.     Motion for Turnover**

In his motion for turnover, Defendant requests the return of his iPhone which he asserts was seized by federal investigators and not returned though it was not referenced in the parties' Stipulated Order of Forfeiture. (ECF No. 117.) The Court does not normally intervene in this type of matter, but it has no objection to the return to Defendant of his iPhone when Defendant is able to receive the phone. Pollack FCI, where Defendant is incarcerated, does not permit prisoners to possess cell phones. *See* BOP: Community Ties – Federal Bureau of Prisons, https://www.bop.gov/inmates/communications.jsp. Defendant's motion is therefore denied without prejudice to him bringing the motion again upon release from imprisonment. Before filing a second motion, Defendant should discuss this issue with the Probation Department and provide to them a copy of this Order.

**II.    Motion to Relieve Appointed Counsel**

In his second motion, Defendant requests that his appointed counsel be terminated. (ECF No. 125.) He states there is a conflict of interest and that he is dissatisfied with counsel's representation. (*Id.*) Neither the Government nor Defendant's attorney provided a response or objection to Defendant's motion. The motion is therefore granted and Defendant's attorney is hereby terminated from this case.

**III.   Motion for Extension of Time to File § 2255 Motion**

Finally, Defendant moves for an extension of time in which to file a § 2255 motion. (ECF No. 129.) Section 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Under 28 U.S.C. § 2255(f), a petitioner has one year from the date on which his conviction becomes final to file a § 2255 petition, absent certain

exceptions not applicable here. Defendant appealed his conviction to the Sixth Circuit, but did not file a petition for writ of certiorari in the United States Supreme Court. Accordingly, his conviction became final when the time for filing such a petition expired, on May 8, 2019, and any § 2255 motion would have been due by May 8, 2020. Defendant did not file the present motion to extend until eight months after the May 2020 deadline had passed and as of the date of this Order, Defendant has not filed a § 2255 motion. (ECF No. 129.)

In some circumstances, equitable tolling may be applied to allow an enlargement of time to file a § 2255 petition. *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir.2011) (citing *Holland v. Florida,* 560 U.S. 631 (2010)). Equitable tolling " 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Hall,* 662 F.3d at 749 (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir.2010)). The Supreme Court has stated that equitable tolling applies where the petitioner shows (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (citation and internal quotation marks omitted).

Defendant argues that the Court should grant him an extension of time to file his § 2255 motion because the May 8, 2020 filing deadline occurred after the start of the COVID-19 pandemic, when BOP facilities were largely shutdown. (ECF No. 129, PageID.840.) The Court is aware of the effect the pandemic had on BOP operations and would have been amenable to a short extension given that Defendant lost approximately two months of time he could have used to draft his motion. But the Court would be remiss to ignore the fact that Defendant had approximately ten months prior to the onset of the

3

pandemic in which he could have drafted his motion. Additionally, the deadline for Defendant's potential § 2255 motion passed over two years ago, and Defendant has yet to file any § 2255 motion. He has therefore not pursued his rights diligently and his motion for extension is denied. *See Holland,* 560 U.S. at 649.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Turnover (ECF No. 117); **GRANTS** Defendant's Motion to Relieve Appointed Counsel (ECF No. 125); and **DENIES** Defendant's Motion for Extension of Time to File § 2255 Motion (ECF No. 129).

**SO ORDERED.**

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 24, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2022, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager